(Decided March 24, 1965)

*Sharp & Bogan* for the plaintiff.

*John W. Douglas,* Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed in schedule A, annexed to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by the undersigned, subject to the approval of the Court:

1. That the subject merchandise consists of hardboard exported from Sweden as to which the Secretary of the Treasury issued a finding of dumping, published in 89 TD 197, TD 53567, made pursuant to the Antidumping Act of 1921 (19 U.S.C., 160, et seq.).

2. That pursuant to Section 168 of said Antidumping Act, the appraiser reported the purchase price (Sec. 162) and the foreign market value (Sec. 164) as to the merchandise listed on Schedule A attached hereto and made a part hereof.

3. That pursuant to Sections 500 and 402 of the Tariff Act of 1930 as amended, the appraiser appraised all of the merchandise in the appeals for appraisement enumerated on Schedule A for regular duty purposes.

4. That the plaintiff duly filed appeals for reappraisement as to the values referred to in the above paragraphs Nos. 2 and 3.

5. That at the times relevant herein the purchase price and the foreign market value under the said Antidumping Act are as specified in the aforesaid Schedule A attached hereto.

6. That as to all other items of merchandise not identified on Schedule A, the appraiser's reports of purchase price and of foreign market value are correct.

7. That the appraiser's findings of value under the provisions of Section 402 of the Tariff Act of 1930 as amended, are correct.

8. That said appeals are submitted for decision upon this stipulation and said Schedule A.

Upon the agreed facts, I find foreign market value, as defined in section 164 of the Antidumping Act of 1921 (19 U.S.C. § 164), for the merchandise described in said schedule A, and the purchase price thereof, within section 162 of said act (19 U.S.C. § 162), to be as indicated in said schedule. As to all other items of merchandise not identified in schedule A, I find the foreign market values and purchase prices to be as reported by the appraiser. In all other respects, the values of all merchandise are as returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 10934)

ELOF HANSSON, INC. *v.* UNITED STATES

Entry Nos. 717611; 838620–1/3; 921481–1/5.

(Decided March 24, 1965)

*Sharp & Bogan* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

Rao, Judge: The appeals for reappraisement listed in schedule A, annexed to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by the undersigned, subject to the approval of the Court:

1. That the subject merchandise consists of hardboard exported from Sweden as to which the Secretary of the Treasury issued a finding of dumping, published in 89 TD 197, TD 53567, made pursuant to the Antidumping Act of 1921 (19 U.S.C., 160, et seq.).

2. That pursuant to Section 168 of said Antidumping Act, the appraiser reported the purchase price (Sec. 162) and the foreign market value (Sec. 164) as to the merchandise listed on Schedule A attached hereto and made a part hereof.

3. That pursuant to Sections 500 and 402 of the Tariff Act of 1930 as amended, the appraiser appraised all of the merchandise in the appeals for appraisement enumerated on Schedule A for regular duty purposes.

4. That the plaintiff duly filed appeals for reappraisement as to the values referred to in the above paragraphs Nos. 2 and 3.

5. That at the times relevant herein the purchase price and the foreign market value under the said Antidumping Act are as specified in the aforesaid Schedule A attached hereto.

6. That as to all other items of merchandise not identified on Schedule A, the appraiser's reports of purchase price and of foreign market value are correct.

7. That the appraiser's findings of value under the provisions of Section 402 of the Tariff Act of 1930 as amended, are correct.

8. That said appeals are submitted for decision upon this stipulation and said Schedule A.

Upon the agreed facts, I find foreign market value, as defined in section 164 of the Antidumping Act of 1921 (19 U.S.C. § 164), for the merchandise described in said schedule A, and the purchase price thereof, within section 162 of said act (19 U.S.C. § 162), to be as indicated in said schedule. As to all other items of merchandise not identified in schedule A, I find the foreign market values and purchase prices to be as reported by the appraiser. In all other respects, the values of all merchandise are as returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 10935)

ELOF HANSSON, INC. *v.* UNITED STATES

Entry Nos. 802560–1/3; 805622–1/2.